DENYING REHEARING
PER CURIAM.
Originally, because no answer to the appeal appeared of record, we declined to consider appellee Russell Gatch’s contention that the trial judge erred in finding that the last act of sexual misconduct occurred during the prescriptive period. However, upon subsequently concluding that such a filing transpired timely in the district court but without inclusion in the appellate record, we have considered Gatch’s rehearing application which reurg-es his argument.
Testimony from Brandon, his mother, and his social worker revealed that the last act of oral sex occurred on the weekend (Friday, Saturday, or Sunday) before the victim’s Monday, April 25, 1988, counsel-ling session. Although possessing notes that referred to “last week,” the therapist set forth his understanding that the incident happened on the immediately preceding Friday or Saturday. In addition to Brandon’s testimony on the subject and corroboration by Ruth Wimberly, the parties stipulated that the child’s father, if called, would testify substantially consistent with his wife.
While the police report placed the last sexual misconduct between April 10 and 16, 1988, the trial court noted that the investigating officer could not recall whether he or Brandon, at the time of their interviews, had supplied those dates. The tortfeasor’s mother, although recounting an episode “several weeks” before her son’s arrest, failed to accordingly persuade the fact-trier, who also essentially rejected the testi *638 mony of Russell Gatch, a convicted child molester.
Of course, such factual determinations may not be set aside on appeal in the absence of plain wrongness. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). Our review of the record reveals no manifest error in the determination that the last act of sexual abuse transpired during the weekend before April 25, 1988.
We therefore deny Gatch’s application for rehearing.